**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**
**April 20, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* S.C., G.C., and A.C.

No. 20-0833 (Randolph County 20-JA-36, 20-JA-37, and 20-JA-38)

**MEMORANDUM DECISION**

Petitioner Mother M.H., by counsel Morris C. Davis, appeals the Circuit Court of Randolph County's September 28, 2020, order terminating her parental rights to S.C., G.C., and A.C.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order. The guardian ad litem, Melissa T. Roman, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights without reopening the final adjudicatory hearing under Rule 19(b) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Because petitioner's lone assignment of error before this Court presents a narrow legal issue, it is unnecessary to extensively recount the details of the proceedings below. For purposes of our review, it is sufficient to set forth the following: In January of 2020, the DHHR filed an

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Other than asserting that the circuit court was barred from terminating her parental rights because of its alleged misapplication of Rule 19(b), petitioner raises no substantive argument regarding the termination of her parental rights. As such, this memorandum decision discusses only the procedure by which the lower court reached disposition, not the actual merits of its decision to terminate petitioner's parental rights.

abuse and neglect petition alleging that petitioner sold methamphetamine, abused it in the children's presence, and was arrested for possession with intent to deliver. The petition also alleged that the home was in deplorable condition, the children were not properly fed, and the oldest child suffered from severe dental decay and infections, among other allegations. After waiving her preliminary hearing, petitioner later stipulated to the allegations against her at an adjudicatory hearing in March of 2020. Based on petitioner's stipulation, the circuit court adjudicated her as an abusing and neglecting parent.

On September 3, 2020, the DHHR filed an amended petition to include a newly born child, E.C., in the proceedings.[3] However, the amended petition contained no new allegations against petitioner in regard to the other three children. As it pertained to E.C., the amended petition did make reference to the ongoing proceedings that resulted in S.C., G.C., and A.C. being removed from petitioner's custody, including information concerning petitioner's continued failure of drug screens, her refusal to attend substance abuse treatment, and her general dishonesty with Child Protective Services about the ongoing proceedings upon E.C.'s birth.

That same day, the circuit court held the dispositional hearing in regard to S.C., G.C., and A.C., during which petitioner moved to continue the hearing because of the amended petition's filing. Finding that the amended petition pertained only to the birth of child E.C., the circuit court denied the motion. After proceeding to disposition in regard to S.C., G.C., and A.C., the circuit court terminated petitioner's parental rights to those children only.[4] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

---

[3]As will become clear from the procedural history in this matter, petitioner's parental rights to E.C. were not terminated in the order on appeal. As such, child E.C. is not at issue in this matter.

[4]The father's parental rights were also terminated below. The permanency plan for the children is adoption together in the current foster home.

As noted above, petitioner's argument on appeal is extremely limited, consisting only of a citation to Rule 19(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings, which sets forth as follows:

> If new allegations arise after the final adjudicatory hearing, the allegations should be included in an amended petition rather than in a separate petition in a new civil action, and the final adjudicatory hearing shall be re-opened for the purpose of hearing evidence on the new allegations in the amended petition.

According to petitioner, because the DHHR filed an amended petition after her adjudication and, in fact, on the same day as the dispositional hearing, "the correct procedural course of action would have been to hold the final disposition to S.C., G.C., and A.C. in abeyance until such time as the [c]ourt could re-open the final adjudication." We find, however, that this narrow reading of the applicable rule not only disregards this Court's prior direction concerning procedural delays in abuse and neglect proceedings, but also completely ignores the fact that the circuit court did comply with Rule 19(b) in regard to the only new allegations in the petition—those regarding child E.C.

As the circuit court specifically found at disposition, the only new allegations in the amended petition related to child E.C., who was born during the proceedings. Because the amended petition did not include any new allegations in regard to S.C., G.C., and A.C., the court denied petitioner's motion to continue the dispositional hearing in regard to them. We agree with this decision, as the reopening of the final adjudicatory hearing in order to relitigate petitioner's status as an abusing and neglecting parent to these specific children upon allegations to which she already stipulated was unnecessary. This is in keeping with the plain language of Rule 19(b), which requires that the final adjudicatory hearing be reopened "when *new allegations* arise" and "for the purpose of hearing evidence *on the new allegations*." (Emphasis added). Because the amended petition contained no new allegations in regard to S.C., G.C., and A.C., we find no error in the circuit court proceeding to disposition for these children, especially when considering that this Court has repeatedly stressed that "[u]njustified procedural delays [in abuse and neglect proceedings] wreak havoc on a child's development, stability and security." Syl. Pt. 2, in part, *In re S.L.*, 243 W. Va. 559, 848 S.E.2d 634 (2020) (citation omitted). It is further important to stress that petitioner was in no way prejudiced by this ruling, given that the circuit court took no action in regard to E.C. in the order on appeal and, in fact, ruled that a new adjudicatory hearing would need to be convened in regard to E.C. because of the new allegations in the amended petition related to that child.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 28, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**: April 20, 2021

3

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton